E-FILED
Monday, 07 April, 2008 01:04:27 PM
Clerk, U.S. District Court, ILCD

FILED
APR - 7 2008
PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

United States District Court
Central District of Illinois
Peoria Division

---

Cleve Heidelberg,
  Petitioner,

v.  Case No. 07-CV-1169

John Chambers,
  Respondent.

---

## Motion to Refile Habeas Corpus Petition

Comes Now Cleve Heidelberg, Petitioner Pro Se in the above Case, and I do move this Court to Rescind its December 17, 2007 order that wrongfully Dismissed my Habeas Corpus Petition and to TRANSFER this Case to a Judge of the United States District Court for the Southern Dis. of Illinois. In support of this motion I submit the following for consideration:

### Issue Present

HON. Judge McDade committed a Plain Error when He Refused to Recuse Himself From Hearing Petitioner's Habeas Corpus Case; where He did in fact Participated as an Appointed Lawyer in the Underlying Criminal Prosecution which Created and Led to the Habeas Claims of Petitioner's Petition.

(Page 1.)

Clearly, Federal law Directs, that a Federal District Judge must recuse himself if he participated in any way as a lawyer in the matter in controversy or if his "impartiality might reasonably be questioned." 28 U.S.C. Section 455.

Regarding Case No. 07-CV-1169 now being put back before this Court for proper consideration; when it was originally transferred to the Peoria Division and assigned to Judge Joe Billy McDade, Petitioner "objected" to such transfer. In that, he represented and argued that such transfer as not being in his best interest. He further asserted that Judge McDade functioned as his appointed attorney in the underlying criminal prosecution that created and involves Petitioner's Habeas Corpus Claims.

At that time, Judge McDade did not recollect representing Petitioner at any time during his state trial and other legal proceedings. And thus, Judge McDade refused to recuse himself when Petitioner was unable to direct the Court to any evidence of such claimed representation.

Since December 17, 2007 Petitioner have reviewed those portions of his trial transcripts in his possession and he reviewed the original appeal ruling regarding his conviction. Thusly, he observed sufficient evidence that proves that Judge McDade did in fact represent Petitioner during his trial.

In that, the Appellate Court of Illinois, Third District noted from the trial Court Record of People v. Heidelberg a Joe McDade had been appointed as counsel in the case. And, that during those days in which he functioned as Counsel in the case, he devoted considerable time in the preparation of the defense including motions and lengthly hearings to dismiss the indictment, to suppress

(Page 2.)

lineup identification, and for considerable discovery and to interviewing of witnesses..... Until he was relieved of his appointment in the case. See: People v. Heidelberg, 338 N.E.2d 56 at 64-65.

Petitioner now continues to believe that Judge McDade is substantially "involved" in his case, that "impartiality" is now reasonably questioned and supported by credible evidence of such involvement in Petitioner's case.

Therefore, Petitioner Heidelberg ask this Court to RESCIND its December 17, 2007 order that wrongfully dismissed his Habeas Corpus Petition and to TRANSFER this case to a Judge of the United States District Court for the Southern District of Illinois -- Petitioner is now incarcerated at the Shawnee Correctional Center that is within the jurisdiction of that court.

Signed by Cleve Heidelberg, under my own oath & affirmation in the absence of a notary public access, on this 28th day of March, 2008.

Mr. Cleve Heidelberg
Pro Se

(Page 3 of 3)